**United States District Court**
For the Northern District of California

1

2

3

4

5               UNITED STATES DISTRICT COURT

6             NORTHERN DISTRICT OF CALIFORNIA

7

8   GREGORY L. HOLT, Jr.,                        No. C-15-01302 EMC

9                Petitioner,

10       v.                                      **ORDER FOR RESPONDENT TO SHOW
                                                 CAUSE**
11   MARTIN L. FRINK, Warden

12              Respondent.
    _____/

13

14

15       Petitioner, a California prisoner, filed a petition for writ of habeas corpus pursuant to 28

16   U.S.C. § 2254.  *See* Docket No. 1.  Venue is proper here because Petitioner was convicted in

17   Alameda County, which is in this district.  *See* 28 U.S.C. § 2241(d).  His petition is now before the

18   court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254

19   Cases in the United States District Courts.

20                              **BACKGROUND**

21       According to the petition, Petitioner pleaded no contest to the following California state

22   crimes: (1) assault with a semiautomatic firearm; (2) use of a firearm; (3) possession of a firearm

23   with a prior juvenile conviction; and (4) attempt to evade a peace officer while driving recklessly.

24   Docket No. 1.  Petitioner did not file a direct appeal because he claims he "was not aware that a no

25   contest plea could be challenged on collateral grounds."  *Id.*  Petitioner subsequently sought habeas

26   corpus relief at all three levels of the California state courts.  *Id.*

27   ///

28   ///

**United States District Court**
For the Northern District of California

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) trial court unconstitutionally applied a sentencing enhancement without sufficient factual support; (2) trial counsel provided ineffective assistance by failing to object to petitioner's "unconstitutional" sentence; (3) trial court unconstitutionally refused to allow petitioner to discharge his trial counsel; (4) trial court failed to give *Boykin v. Alabama*, 395 U.S. 238 (1969) advisements before accepting stipulation; and (5) trial counsel provided ineffective assistance by stipulating to factual allegations at preliminary hearing without Petitioner's consent. These claims are sufficient to require a response.

**CONCLUSION**

1.   The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on Petitioner.

2.   Respondent shall file with the court and serve on petitioner, within sixty (60) days of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

**United States District Court**

For the Northern District of California

3.     If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on Respondent within thirty (30) days of his receipt of the answer.

4.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, it is due sixty (60) days from the date this Order is issued.  If a motion is filed, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within thirty (30) days of receipt of the motion, and Respondent may file with the court and serve on Petitioner a reply within fourteen (14) days of the filing of any opposition.

5.     Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

IT IS SO ORDERED.

Dated:  March 23, 2015

_____
EDWARD M. CHEN
United States District Judge

3